ORIG...

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 MAR 30 PM 3:14

CLERK _L. Elberden_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BRENDA C. WYNN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 106-42 |
| | ) | |
| THE COUNTY BOARD OF EDUCATION | ) | |
| OF RICHMOND COUNTY, CHARLES | ) | |
| G. LARKE, MICHAEL L. THURMOND, | ) | |
| BARBARA A. HARDEMAN, THE | ) | |
| GEORGIA DEPARTMENT OF LABOR, | ) | |
| CARL C. BROWN, J. CARLISLE | ) | |
| OVERSTREET, FLOYD D. TOTH, | ) | |
| THE PROFESSIONAL STANDARDS | ) | |
| COMMISSION, CATHERINE T. | ) | |
| CRAWFORD, THE OFFICE OF STATE | ) | |
| ADMINISTRATIVE HEARINGS, and | ) | |
| THE STATE OF GEORGIA, | ) | |
| | ) | |
| Defendants. | ) | |

___

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

___

The Court, in a separate Order, has granted plaintiff permission to proceed with the above-captioned case _in forma pauperis_. The Court now will evaluate plaintiff's complaint to determine whether she has stated a claim on which relief may be granted with respect to each defendant.

Although the Court must liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam), the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be

granted. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

I. **DISCUSSION**

According to the allegations in plaintiff's complaint, the substance of which the Court will accept as true for the limited purpose of screening the complaint, the Richmond County Board of Education hired plaintiff in October 1999 as a high school teacher. Between 1999 and 2002, plaintiff pursued graduate level programs at the University of Georgia in order to obtain certification as a business education instructor, and she obtained such certification in December 2002.

During the 2002-2003 academic year, plaintiff allowed her students to write Richmond County Board of Education members concerning the assignment of special education students to the "Alternative School" for more than forty-five days, which plaintiff contends is a violation of state law. Plaintiff contends that Defendant Larke and other administrators conspired to charge her with ethical violations relating to the letters written to the Board of Education. The Board of Education then terminated plaintiff's 2003-2004 employment contract. The Department of Labor subsequently determined that plaintiff was not entitled to unemployment benefits because of her termination from employment.

Plaintiff then filed a petition for review in the Superior Court of Richmond County. She alleges that Defendant Brown and Defendant Overstreet, two Superior Court judges, fraudulently dismissed her case.

Plaintiff also alleges that the Professional Standards Commission, in conspiracy with the Board of Education, suspended plaintiff's teaching certificate. Defendant Crawford, an

administrative law judge, upheld the suspension.

Plaintiff alleges employment discrimination, breach of her employment contract without due process of law, and deprivation of her constitutional rights under Title 42, United States Code, Section 1983. Plaintiff seeks both monetary damages and injunctive relief.

## II. JUDICIAL IMMUNITY

Plaintiff is foreclosed by the doctrine of judicial immunity from pursuing claims against Defendants Brown and Overstreet, state law judges, and Defendant Crawford, an administrative law judge. Common law immunizes judges "from liability for damages for acts committed within their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 552 (1967) (noting that "few doctrines are more solidly established at common law"); see Bradley v. Fisher, 13 Wall. 335, 20 L. Ed. 646 (1872) (establishing judicial immunity doctrine). The Supreme Court has further recognized that judicial immunity "is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Wavo, 502 U.S. 9, 11 (1991). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000). The Eleventh Circuit has determined that the doctrine of judicial immunity also applies to administrative law judges. Smith v. Shook, 237 F.3d 1322, 1325 (11th Cir. 2001).

Plaintiff seeks to name Defendants Brown, Overstreet, and Crawford in her complaint based on determinations made in their judicial capacities. The Court finds that the doctrine of judicial immunity prevents her from doing so. Accordingly, Defendants Brown,

Overstreet, and Crawford should be dismissed from her complaint. See Mordkofsky v. Calabresi, 159 Fed. Appx. 938, **1 n.2 (11th Cir. Dec. 19, 2005) (noting propriety of dismissal under judicial immunity doctrine on frivolity review when plaintiff proceeds *in forma pauperis*).

## III. CONCLUSION

For the foregoing reasons, the Court finds that plaintiff has failed to state a claim on which relief may be obtained from Defendants Brown, Overstreet, and Crawford. Accordingly, those defendants should be **DISMISSED** from this action.

SO REPORTED AND RECOMMENDED on this 30th day of March, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE